UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 02-4202(DSD/SRN)


Clyde Jones, on behalf of
himself and all others
similarly situated,

        Plaintiff,

v.                                      **ORDER**

The CBE Group, Inc.,

        Defendant.


        Thomas J. Lyons, Jr., Esq., John H. Goolsby, Esq. and
Consumer Justice Center, 342 County Road D, Little
Canada, MN 55117, counsel for plaintiff.

        Michael A. Klutho, Esq., Christopher R. Morris, Esq. and
Bassford, Lockhart, Truesdell & Briggs, 3550 Multifoods
Tower, 33 South Sixth Street, Minneapolis, MN 55402,
counsel for defendant.


        This matter is before the court upon defendant's alternative
motions to dismiss and plaintiff's motion for class certification.
For the following reasons, defendant's motion to dismiss for lack
of subject matter jurisdiction is granted, and in the alternative,
defendant's motion to dismiss on the pleadings is granted and
plaintiff's motion for class certification is denied.

**BACKGROUND**

Defendant The CBE Group, Inc. ("CBE") is a debt collection service that was retained by Regions Hospitals and Clinics to attempt collection of debts plaintiff Clyde Jones ("Jones") allegedly owed to Regions.   CBE sent three form letters to Jones pertaining to the alleged debts.[1]  Other than the account numbers and balances due, the letters were essentially identical.   In addition to containing information required by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the letters informed Jones that he would "have the opportunity to pay this account in full within 30 days from 08/06/02 or we will be obligated to report the debt to the three national credit reporting companies at that time, unless you dispute this debt within 30 days of this notice."   (Goolsby Aff. Ex. A.)   The letters further stated, "Our receiving your payment in full within 30 days from 08/06/02, or your dispute of this debt within 30 days of this notice will assure that this account is not reported to the three national credit reporting companies."   (Id.)  Plaintiff alleges by class complaint that these statements violate the FDCPA by overshadowing, misrepresenting, confusing or concealing plaintiff's statutory right to validation of the debt within thirty days of

---

[1] The letters appear to have been sent on or about August 6, 2002.   Each is addressed to Jones and references a different account number.  Each account shows a different balance due.   Two of the letters refer to Regions Hospital accounts and the third letter refers to a Regions Clinics account.

2

receipt of the notice of a debt.  See 15 U.S.C. §§ 1692e, 1692e(10), 1692f and 1692g(a).

On December 12, 2002, CBE filed an answer to the complaint denying any violation of the FDCPA.  Two days later, CBE served Jones with an offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  CBE offered Jones $1,000 plus reasonable costs and attorney's fees.  Jones rejected CBE's offer.  On January 22, 2003 CBE filed its motion to dismiss on two separate grounds.  First, CBE asserts that the form letter does not violate the FDCPA and Jones' action should be dismissed on the merits.  Second, CBE contends that Jones' action became moot as a result of CBE's Rule 68 offer of judgment.  Approximately six weeks later, on March 4, 2003, Jones moved to certify the class pursuant to Rules 23(b)(2) and 23(b)(3).  See Fed. R. Civ. P. 23(b)(2) and (3).

## DISCUSSION

### I.   Rule 68 Offer of Judgment

The court must address CBE's motion relative to its Rule 68 offer of judgment first, because where the court lacks subject matter jurisdiction, it must dismiss the case.  See Fed. R. Civ. P. 12(h)(3).  CBE's motion presents a question that has not been addressed in the context of a putative class action under the FDCPA by this district, the Eighth Circuit Court of Appeals or the United

States Supreme Court.  CBE argues that because its Rule 68 offer provided Jones with all the relief he could possibly receive if he were to prevail on the merits, no controversy remains for the court to resolve.  CBE correctly asserts that, absent an actual case or controversy, the court lacks subject matter jurisdiction.  See U.S. Const. Art. III § 2; see also United States Parole Commission v. Geraghty, 445 U.S. 388, 395 (1980).  Jones replies that CBE's offer did not satisfy his entire claim and that even if it did, the action would not be moot because the alleged violation is capable of repetition while evading judicial review.

"The burden of proving subject matter jurisdiction falls on the plaintiff."  V S Ltd. P'ship v. Dep't Hous. Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000).  Plaintiff must satisfy that burden by the preponderance of the evidence.  See, e.g., Makarova v. United States, 201 F.3d 110, 113 (2nd Cir. 2000); Estate of Miller v. U.S., 157 F. Supp.2d 1071, 1073 (S.D. Iowa 2001).  Where subject matter jurisdiction is lacking, the court must dismiss.  See Fed. R. Civ. P. 12(h)(3).

A threshold issue of subject matter jurisdiction is justiciability.  See McCarney v. Ford Motor Co., 657 F.2d 230, 233 (8th Cir. 1981).  "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"  Geraghty, 445 U.S. at 395.  An action will

4

generally be deemed moot when a party no longer has a personal stake in the outcome of the litigation.  See Powell v. McCormack, 395 U.S. 486, 496 (1969).

Rule 68 permits a defendant to serve an offer on an adverse party allowing judgment to be entered in favor of the plaintiff. See Fed. R. Civ. P. 68.  While the rule itself does not address mootness, many courts have held that a valid offer of judgment that would satisfy a plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction.[2] See Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991); Alliance to End Repression v. City of Chicago, 820 F.2d 873, 878 (7th Cir. 1987); Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986); Abrams v. Interco Inc., 719 F.2d 23, 32-4 (2nd Cir. 1983). The Eighth Circuit Court of Appeals has not ruled directly on this issue.

---

[2] It is clear that a Rule 68 offer can only moot a plaintiff's claim in circumstances where damages are absolutely determinate. Examples include cases where plaintiff's claim is for a fixed sum, or where, as is the case here, there is a statutory cap on damages. See 15 U.S.C. § 1692g(a).  For cases where damages are not determinate and plaintiff refuses an offer of judgment, Rule 68 includes a fee shifting provision stating, "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."  Fed. R. Civ. P. 68.

### A.   Complete Relief Under Rule 68

As a preliminary matter, the court finds that defendant's offer equaled the maximum amount of damages to which plaintiff could be entitled under the statute.   Plaintiff's assertion that named class members are entitled to a share of the class award is not supported by the statute or case law.   The FDCPA allows individual plaintiffs to seek actual damages, additional damages up to $1,000, costs and attorney's fees.   See 15 U.S.C. § 1692k(a). In class actions, the statute provides the same relief for named plaintiffs as it does for individual claimants.   See id.   The Act allows unnamed class members to share in an award not to exceed the lesser of $500,000 or one percent of the defendant's net worth. See 15 U.S.C. § 1692k(a)(2)(B)(ii).   Jones does not claim actual damages, so CBE's offer of $1,000 plus costs and fees equals the maximum he would be permitted to recover under the statute.

A question arises as to whether or not defendant's offer would fully satisfy plaintiff's claim, because in addition to damages, plaintiff seeks declaratory relief.   The Eighth Circuit has not ruled on the availability of declaratory relief under the FDCPA, and other courts are divided on whether it is available.   See e.g., Crawford v. Equifax Payment Services, Inc., 201 F.3d 877, 882 (7th Cir. 2000); In re Risk Management Alternatives, Inc. Fair Debt Collection Practices Litigation, 208 F.R.D. 493, 503 (S.D.N.Y. 2002); Sibley v. Diversified Collection Services, Inc., 1998 WL

355492 at *5 (N.D. Tex. June 30, 1998); <u>Goldberg v. Winston &</u>
<u>Monroe</u>, 1997 WL 139526 at *3 (S.D.N.Y. Mar. 26, 1997) (all holding
that declaratory relief is not available to private litigants under
the FDCPA); <u>but</u> <u>see</u> <u>Ballard v. Equifax Check Services</u>, 158 F.
Supp.2d 1163, 1177 (E.D. Cal. 2001); <u>Woodard v. Online</u>
<u>Informational Services</u>, 191 F.R.D. 502, 507 (E.D.N.C. 2000);
<u>Borcherding-Dittloff v. Transworld Systems, Inc.</u>, 185 F.R.D. 558,
562 (W.D. Wisc. 1999); <u>Gammon v. G.C. Services, L.P.</u>, 162 F.R.D.
313, 319-20 (N.D. Ill. 1995) (all holding declaratory relief
available on FDCPA claims). This court agrees with those holding
that declaratory relief is not available under the FDCPA.[3] Courts
have uniformly held that injunctive relief is not available in
private actions under the FDCPA. <u>See</u> <u>Sokalski v. Trans Union</u>
<u>Corp.</u>, 178 F.R.D. 393, 399 (E.D.N.Y. 1998); <u>Gammon</u>, 162 F.R.D. at
320. Courts issuing declaratory judgments exercise their equitable
powers and equitable relief is not available under the FDCPA. <u>See</u>
<u>Novak v. Andersen Corp.</u>, 962 F.2d 757, 760 (8th Cir.

---

[3] Even if the court were to find declaratory relief available
under the FDCPA, which it does not, it would still be unavailable
in this case. Declaratory relief is allowed under Rule 23(b)(2)
only when it "corresponds to" injunctive relief, which is to say,
affords injunctive relief. <u>See</u> Fed. R. Civ. P. 23 and Advisory
Committee Notes; <u>see</u> <u>also</u> <u>Sibley v. Diversified Collection</u>
<u>Services</u>, 1998 WL 355492 at *5 (June 30, 1008). But injunctive
relief is not available under the FDCPA. <u>See</u> <u>Gammon</u>, 162 F.R.D. at
320. Thus, if the declaratory relief Jones seeks does correspond
to injunctive relief and is therefore permissible under Rule 23, it
is for that same reason prohibited under the FDCPA. Conversely, if
it does not correspond to injunctive relief, it cannot support a
Rule 23(b)(2) class.

1992)(declaratory judgment is traditional equitable relief); <u>Sipley v. Fulton Corrective Counseling Services, Inc.</u>, 677 F.2d 830, 834 (11th Cir. 1982) (equitable relief is not available under FDCPA). Therefore, it cannot be said that defendant's Rule 68 offer failed to afford complete relief on the basis that it did not provide declaratory relief, since that remedy was unavailable to plaintiff.

**B.   Capable of Repetition Yet Avoiding Review**

Plaintiff also argues that his claim falls within the exception to the mootness doctrine for acts which are capable of repetition yet not subject to judicial review.  That exception exists in cases where the plaintiff demonstrates that, although the source of his complaint has abated for the moment, there is a reasonable likelihood that it will occur again in the future.  <u>See</u> <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975).  The exception is generally applied where the conduct or circumstance complained of is of such a short duration that it cannot be fully litigated prior to its natural cessation.  <u>See</u> <u>Minnesota Humane Society v. Clark</u>, 184 F.3d 795, 797 (8th Cir. 1999).  The Supreme Court has commented that the exception applies "only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged injury." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 109 (1983).

Here, plaintiff did not and cannot make a showing that he will again be subjected to the alleged injury. In addition, the

cessation of the alleged harm did not come naturally, but by a make-whole offer from defendant.  Defendant's Rule 68 offer would have provided plaintiff all the relief available to him under the law.  The "capable of repetition" exception exists to ensure that parties not be subject to repeated harms without recourse or remedy.  Here, plaintiff was not without a remedy, as defendant's Rule 68 offer provided all the relief to which plaintiff could be entitled.  Because plaintiff will not be subject to repeated harms without a remedy, no exception to the mootness doctrine is necessary.

### C.   Rule 68 Offers in the Class Action Context

The effect of Rule 68 offers on class actions under the FDCPA has created an unsettled area of the law.  Once properly certified, a class maintains an interest in the litigation distinct from the interests of the named representatives.  See Sosna v. Iowa, 419 U.S. 393, 401-02 (1975).  In that circumstance, the action itself is not mooted merely because the class representative's claims become moot.  See id.  Where the class has not been certified at the time the named plaintiff's claims become moot, courts are divided over whether or not a case or controversy continues to exist since the class is not yet a fully recognized party.  As previously noted, neither the United States Supreme Court nor the Eighth Circuit Court of Appeals has addressed the issue directly.

Courts addressing the issue have reached differing conclusions. See e.g., Holstein v. City of Chicago, 29 F.3d 1145, 1147 (7th Cir. 1994) (dismissing FDCPA putative class action for lack of subject matter jurisdiction after offer of full satisfaction); Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP, — F. Supp.2d —, 2003 WL 1915738 at *3-4 (E.D.N.Y. Apr. 22, 2003)(holding same); Edge v. C. Tech Collections, Inc., 203 F.R.D. 85, 88 (E.D.N.Y. 2001)(agreeing with Holstein and Greif, but finding offer incomplete); Letellier v. First Credit Services, Inc., 2001 WL 826873 (N.D. Ill. Jul. 20, 2001)(dismissing FDCPA class action for lack of subject matter jurisdiction after offer of full satisfaction); Wiskur v. Short Term Loans, 94 F. Supp.2d 937, 939 (N.D. Ill. 2000)(holding same on TILA claim); Ambalu v. Rosenblatt, 194 F.R.D. 451, 452-53 (E.D.N.Y. 2000) (dismissing FDCPA class action for lack of subject matter jurisdiction after offer of full satisfaction); but see Schaake v. Risk Management Alternatives, Inc., 203 F.R.D. 108, 111-12 (S.D.N.Y. 2001)(refusing to dismiss when Rule 68 offer made before decision on class certification); Liles v. American Corrective Counseling Services, Inc., 201 F.R.D. 452, 455 (S.D. Iowa 2001)(holding same); White v. OSI Collection Services, Inc., 2001 WL 1590518 at *6 (E.D.N.Y. Nov. 5, 2001) (holding same); Asch v. Teller, Levit & Silvertrust, P.C., 200 F.R.D. 399, 401 (N.D. Ill. 2000) (holding same); Namdar v. JAS

Collection Agency, Inc., 1999 WL 33268061 at *1 (E.D.N.Y. Jul. 6, 1999)(holding same).

Commentators have noted that, while "there may be valid policy arguments" for not applying Rule 68 in the class context, "there is little authority" for such an exception. 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civ.2d § 3001.1. Nothing in Rule 68 itself, or in any of the federal rules, either permits or requires an exception to the application of the rule to class action litigation.[4]

Plaintiff argues that Alpern v. Utilicorp United, Inc., 84 F.3d 1525 (8th Cir. 1996) prevents defendant's Rule 68 offer from mooting the action. However, Alpern is distinguishable from the present case. In Alpern, defendant's Rule 68 offer was made after the district court's grant of partial summary judgment led to an improper denial of class certification. The circuit court stated, "[j]udgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been <u>properly</u> denied and the offer satisfies the

---

[4] At least one court has found that the requirement in Rule 23(e) that the court approve settlements and dismissals of class actions is in conflict with Rule 68. <u>See</u> <u>Parker v. Risk Management Alternatives, Inc.</u>, 204 F.R.D. 113, 115 (N.D. IL 2001). However, this court disagrees with that view. Nothing in Rule 23(e) prevents named plaintiffs from accepting Rule 68 offers. Rule 23(e) simply requires the court's approval of such settlements before the class action can be dismissed on the basis of the parties' agreement. Similarly, nothing in Rule 23 prevents the court from dismissing a putative class action as moot.

representative's entire demand for injuries and costs of the suit."
Id. at 1539 (emphasis added).  Here, the Rule 68 offer was made and
refused, and thus plaintiff's claim became moot, long before
plaintiff had moved for class certification.  Thus, this case is
more analogous to Potter v. Norwest Mortgage, Inc., — F.3d —, 2003
WL 21203332 (May 23, 2003, 8th Cir.).  In that case the Circuit
Court held that a district court "should normally dismiss an action
as moot when the named plaintiff settles its individual claim, and
the district court has not certified a class."  Id. at *3.  Quoting
with approval a ruling of the Fifth Circuit, the court continued,
"'a suit brought as a class action must as a general rule be
dismissed as moot when the personal claims for the named plaintiffs
are satisfied, and no class has properly been certified.'"  Potter,
2003 WL 21203332 at *3 (quoting Zeidman v. J. Ray McDermott & Co.,
651 F.2d 1030, 1045 (5th Cir. 1981)).  Here, the personal claims of
the named plaintiff were satisfied by defendant's offer, and no
class had been certified.

Plaintiff would have the court defer consideration of a
challenge to its subject matter jurisdiction until it has ruled on
a motion for class certification, even if no motion to certify had
yet been filed.  However, jurisdiction is a threshold question that
"cannot be waived by the parties nor ignored by the courts."
California v. LaRue, 409 U.S. 109, 113 n. 3 (1972).  Absent a
justiciable case or controversy, the court lacks jurisdiction and

12

has no authority to act.   See U.S. Const. Art. III § 2; Geraghty, 445 U.S. at 395.

The court finds that defendant's Rule 68 offer was valid and complete and that plaintiff's claim is moot.   Therefore, the court grants defendant's motion to dismiss the action for lack of subject matter jurisdiction.

## II.   Defendant's Alternative Motion to Dismiss

Even if the court were to join those courts finding Rule 68 inapplicable to putative class actions, it would be compelled to dismiss the action on the merits.

In addition to moving to dismiss for lack of subject matter jurisdiction, defendant moved for dismissal "for failure to state a claim upon which relief can be granted."   (Def's. Mem. in Supp. of Mot. to Dismiss at 1.)   While the language quoted above suggests that the motion is based on Rule 12(b)(6), a careful reading of defendant's brief makes clear that he seeks a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).   Defendant asks the court to conclude that, as a matter of law, the form letter in question does not impermissibly confuse or overshadow the validation notice required by the FDCPA.   See Fed. R. Civ. P. 12(c).

While a motion for a judgment on the pleadings under Rule 12(c) differs from a motion to dismiss for failure to state a claim under Rule 12(b)(6), the standards for dismissal under each are

similar.  See Allstate Financial Corp. v. U.S. Postal Service, 860 F. Supp. 653, 655 (D. Minn. 1994).  In either case, the court must take the factual allegations in the complaint as true, view the complaint in the light most favorable to the plaintiff and dismiss the claim "'only if it is clear that no relief can be granted under any set of circumstances that could be proved consistent with the allegations.'"  Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993)(quoting Hishun v. King & Spalding, 476 U.S. 69, 73 (1984)).  A defendant bringing a motion to dismiss on the pleadings must satisfy the court that there are no issues of material fact to be resolved and that defendant prevails as a matter of law.  See Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001).

Generally, when a court entertaining a motion to dismiss considers matters outside the pleadings, it is appropriate to treat the motion as a motion for summary judgment under Fed. R. Civ. P. 56.  See Hamm v. Rhone Poulanc Rorer Pharmaceutical Inc., 176 F.R.D. 566, 570 (D. Minn. 1997).  However, in addressing motions to dismiss under Fed. R. Civ. P. 12(b)(6) and 12(c), courts may consider "materials that are 'necessarily embraced by the pleadings'" or appear in the record of the case without converting the motion to a summary judgment motion.  Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)(quoting Piper Jaffray Cos. v. National Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997)).  Here, the court need only apply the law to

14

the collection letters that were attached to the complaint and are the subject of the litigation.

Plaintiff alleges that defendant's FDCPA-mandated validation letter is confusing, misleading and deceptive. The FDCPA requires that within five days of its first communication with a debtor, a debt collector must inform the debtor in writing of the debtor's statutory validation rights. See 15 U.S.C. § 1692g(a). The debtor must be informed of the thirty day validation period in which the debtor may dispute the validity of the debt. If the debtor disputes the debt in writing, within thirty days of receiving the mandated notice, the debt collector must provide verification of the debt to the debtor. See id. The FDCPA-mandated notice is often referred to as the "validation notice."

It is not enough that debt collectors timely provide the validation notice. The FDCPA is "designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." Peters v. General Service Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002). The Act forbids collection practices that are false, deceptive or misleading. See 15 U.S.C. § 1692e. Thus, the correspondence taken as a whole must be clear and not misleading or confusing. See Peters, 277 F.3d at 1055.

Courts have used the term "overshadowing" to refer to collection letters which, although technically complying with the

15

statute, use language, typeface or other means to confuse the debtor or disguise the debtor's validation rights.   See e.g., Miller v. Payco General American Credits, Inc., 943 F.2d 842, 843 (4th Cir. 1991).   The Eighth Circuit Court of Appeals applies the "unsophisticated consumer standard" to evaluate collection letters. See Peters, 277 F.3d at 1055.   That standard is "designed to protect consumers of below average sophistication, but ... also contain an 'objective element of reasonableness.'"   Id. (quoting Gammon v. G.C. Services Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994); see also Duffy v. Landberg, 215 F.3d 871, 874-75 (8th Cir. 2000)(noting that the unsophisticated consumer is not at the very bottom rung of the sophistication ladder).

Here, in addition to providing the required validation notice, defendant's letter also offers debtors the chance to avoid a report of the delinquency to national credit reporting agencies.   The letter states:

> This account has been forwarded to our office to collect the balance in full.  You now have the opportunity to pay this account in full within 30 days from 08/06/02 or we will be obligated to report the debt to the three national credit reporting companies at that time, unless you dispute this debt within 30 days of this notice.
>
> ***
>
> Our receiving payment in full within 30 days from 08/06/02, or your dispute of this debt within 30 days of this notice will assure that this account is not reported to the three national credit reporting companies.

16

> Unless you notify this office within thirty
> (30) days after receiving this notice that you
> dispute the validity of this debt or any
> portion thereof, this office will assume this
> debt is valid.  If you notify this office in
> writing within thirty (30) days from receiving
> this notice, this office will: obtain
> verification of the debt or obtain a copy of
> the judgment and mail you a copy of such
> judgment or verification.  If you request this
> office in writing within thirty (30) days
> after receiving this notice, this office will
> provide you with the name and address of the
> original creditor if different from the
> current creditor.  This is an attempt to
> collect a debt; any information obtained will
> be used for that purpose.  This communication
> is from a debt collector.

(Compl. Ex. 1.)

Plaintiff complains that offering debtors thirty days from the date of the letter, in this case 08/06/02, to pay in full and avoid credit reporting, and giving debtors thirty days from receipt of the letter for validation purposes, as required by the statute, is confusing, misleading, deceptive and unfair.  (See Pl.'s Mem. in Opp'n to Def's Mot. to Dismiss at 9.)  The court disagrees with plaintiff's reading of the letter.

Adverse credit reporting is one the debt collector's most important inducements to prompt payment.  But the opportunity to avoid a negative credit report is also a significant benefit to debtors.  As CBE points out, the only meaningful way to delimit such an offer is to identify a date certain.  Since CBE knows when it sent the letter but has no way of knowing when it was actually

17

received, CBE reasonably elected to use the date of the letter to start the thirty day credit reporting clock.

The validation information that follows defendant's offer to delay adverse credit reporting is in a separate paragraph highlighted in bold text. It clearly and accurately recites the debtor's validation rights as established by the statute. Eighth Circuit law requires that the court read the letter through the eyes of an unsophisticated debtor. See Duffy, 215 F. 3d at 875. It does not require "peculiar," "bizarre or idiosyncratic interpretations." Id.; Peters, 277 F.3d at 1055. That portion of the letter which permits debtors to pay off or dispute the debt within thirty days and avoid adverse credit reporting does not confuse, mislead, overshadow or in any way diminish the clarity of the statutory validation notice. Therefore, defendant's motion to dismiss on the pleadings must be granted.

### III. Plaintiff's Motion for Class Certification

Finally, even if the court had accepted plaintiff's argument and deferred its decision on the question of subject matter jurisdiction, it would find class certification inappropriate in this case. Of course, absent a class, plaintiff's individual claims were fully satisfied by the Rule 68 offer and would be moot.

Rule 23 of the Federal Rules of Civil Procedure sets forth a two-part analysis to determine whether class certification is appropriate. Plaintiffs must first satisfy all four requirements

of Fed R. Civ. P. 23(a), showing that: (1) joinder of all members is impractical because the class is too numerous (numerosity), (2) there are questions of fact or law that are common to the class (commonality), (3) the claims or defenses raised by the representative parties are typical of those of the class (typicality), and (4) the representative parties will protect the interests of the class fairly and adequately (adequacy). <u>See</u> <u>Donaldson v. Pillsbury Co.</u>, 554 F.2d 825, 829 (8th Cir. 1977).

If all four elements of Fed. R. Civ. P. 23(a) are met, the court must then determine if at least one of the three subdivisions of Rule 23(b) is also met. <u>See</u> <u>Eisen v. Carlisle & Jaquelin</u>, 417 U.S. 156, 163 (1974). Rule 23(b) permits class certification if (1) proceeding with separate actions would create a risk of inconsistent outcomes or a practical disposition of the interests of others not parties to the actions, (2) the party opposing certification has acted or refused to act on grounds such that relief with respect to the class as a whole is appropriate, or (3) "questions of law or fact common to the members of the class predominate over any questions affecting only individual members and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(1)-(3). The court should certify the proposed class only "if it is satisfied after a rigorous analysis that all the prerequisites are met." <u>In re Workers' Compensation</u>, 130 F.R.D.

19

99, 103 (D. Minn. 1990). Plaintiffs bring their motion pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and (3).

### A.    Rule 23(a) Requirements

To succeed on a motion for class certification, plaintiff must first demonstrate that the threshold criteria of numerosity, commonality, typicality and adequacy are met. The court has broad discretion in determining whether the elements of Rule 23(a) have been satisfied. See Reiter v. Sonotone Corp., 442 U.S. 330, 345 (1979) (holding that district courts are vested with broad power and discretion in matters of certification and management of class actions).

### 1.    Numerosity

To satisfy this element, the class must be so numerous that joinder is impractical. Fed. R. Civ. P. 23(a)(1). Impracticality is not a rigidly defined concept and it is considered on a case-by-case basis. See Parkhill v. Minnesota Mut. Life Ins. Co., 188 F.R.D. 332, 337 (D. Minn. 1999).

There are approximately 50,666 potential class members who received the collection letter. (See Def.'s Letter of May 21, 2003.) Because the number of potential plaintiffs is so substantial, joinder would clearly be impractical. Therefore, the court finds that the numerosity requirement of Rule 23(a)(1) is met.

### 2.   Commonality Requirement

To satisfy the commonality requirement, "questions of law or fact common to the class" must exist.   Fed. R. Civ. P. 23(a)(2). Even when individual members of the class are not identically situated, if the legal question they share in common is related to the determination of the litigation, the commonality requirement is met.   See DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1174 (8th Cir. 1995) (citing Paxton, 688 F.2d at 561).   Similarly, factual differences among individual claims will not defeat commonality provided the claims arose from a common nucleus of operative facts. See DeBoer, 64 F.3d at 1174.

Defendant sent the same form letter, containing the same language, to all putative class members.   If the letter violates the FDCPA as to any class member, it violates the Act as to all class members.   Because the class members share the same claim, arising from the same alleged misconduct, under the same legal theory, the court finds that the commonality requirement is satisfied.

### 3.   Typicality

Rule 23(a)(3) requires that claims of representative parties be "typical" of those of the class.   Generally, typicality will be found where "the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory."   Paxton, 688 F.2d at 561-62 (citing

Charles Wright et al, Federal Practice and Procedure § 1764 at
n.21.1 (Supp. 1982)).  The typicality standard is "fairly easily
met so long as other class members have claims similar to the named
plaintiff." Alpern, 84 F.3d at 1540 (citing DeBoer, 64 F.3d at
1174).  Typicality and commonality are closely related, and
typicality is generally found where the commonality requirement has
been met.  See Buycks-Roberson v. Citibank Fed. Sav. Bank, 162
F.R.D. 322, 333 n.13 (N.D. Ill. 1995) (citing Newberg on Class
Actions § 3.13 (3d ed. 1992).

Because the letter received by the plaintiff was identical in
all material respects to those received by other class members, the
court finds the claims of the named plaintiff sufficiently typical
of those of the putative class and the typicality requirement of
Fed. R. Civ. P. 23(a)(3) is met.

### 4. Adequacy

To ensure that the interests of unnamed class members are
fairly and adequately protected, Rule 23(a)(4) requires a finding
that named plaintiffs and counsel will competently and vigorously
pursue the action on behalf of all class members.  See Dirks v.
Clayton Brokerage Co. of St. Louis, Inc., 105 F.R.D. 125 (D. Minn.
1985).  Further, the representatives' interests "must be
sufficiently similar to those of the class that it is unlikely that
their goals and interests will diverge." Parkhill, 188 F.R.D. at
339.

22

The court has reservations about the suitability of Jones to represent the class in this case.  Plaintiff argues that his unwillingness to accept defendant's Rule 68 offer is evidence of his commitment to the other class members.  But Jones rejected the Rule 68 offer because he erroneously believed that in addition to $1,000, costs and fees, he could receive an additional share of the class award if successful in the litigation.  Because the law does not support that argument, plaintiff stands to gain no more from class litigation than he might obtain by proceeding individually.

Moreover, in deposition, Jones stated that he filed suit to recover funds he believed were improperly garnished by defendants, although there is no such allegation in his complaint.  (See Jones Dep. at 7, 9-15 (submitted to the court under separate cover by agreement of the parties)).  Jones' responses to opposing counsel's questions were contradictory and often nonsensical.  (See id. at 22, 24, 34, 39-40, 43, 55, 60-63, 75-77.)  Jones was repeatedly confused by, and unable to respond to, straightforward questions about critical elements of the action, such as the collection letters, the parties to the action and the basis for the lawsuit. (See id.)  Jones also testified that he had undergone stomach surgery approximately three months earlier.  (See id. at 31.)  The court has serious concerns about Mr. Jones' ability to represent over 50,000 plaintiffs in a federal class action lawsuit.  He has no incentive to pursue the matter as a class action, he is confused

about the action and is unfamiliar with his own complaint, his claims and the parties involved.

Jones is the only named plaintiff and, as discussed, the court finds that he has failed to meet other Rule 23 requirements as well. For these reasons, the court finds that plaintiff is not capable of adequately representing the interests of the class and that the requirements of Fed. R. Civ. P. 23(a)(4) are not satisfied.

**B.   Rule 23(b)(2) Analysis**

Rule 23(b)(2) permits injunctive or corresponding declaratory relief on a class-wide basis when defendant acts on grounds "generally applicable to the class." Fed. R. Civ. P. 23(b)(2). Because the court has determined that injunctive and declaratory relief are not available in private actions under the FDCPA, class certification under Rule 23(b)(2) is denied.

**C.   Rule 23(b)(3) Analysis**

Plaintiff also seeks certification of the putative class action under Rule 23(b)(3), which states in pertinent part:

> (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and, in addition: ... (3) the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3).

Rule 23(b)(3) analysis focuses on two principal elements. First, the court must determine whether common questions of law or fact predominate (predominance) and second, whether a class action is the superior means of resolving the matter (superiority). See Darms v. McCulloch Oil Corp., 72 F.2d 490, 493 (8th Cir. 1983). The rule identifies four areas of inquiry as pertinent to predominance and superiority: (1) individual class members' interest in controlling the litigation, (2) the status of any litigation of the matter already commenced, (3) the advantages and disadvantages of centralizing the litigation in the particular forum, and (4) the difficulty of managing the litigation as a class action. See Fed. R. Civ. P. 23(b)(3)(A)-(D).

## 1. Predominance

Predominance exists when common questions concerning a significant aspect of a case can be resolved in a single action. See Workers' Comp., 130 F.R.D. at 108. When class-wide proof is dispositive of an element of the cause of action, there is no need for individualized inquiry into each class member's position on that issue. See id. The predominance inquiry focuses primarily on common questions regarding liability. Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 114 F.R.D. 48, 52 (S.D.N.Y. 1987) (quoting Dura-Built Corp. v. Chase Manhattan Corp., 89 F.R.D. 87, 93 (S.D.N.Y. 1981)). Thus "the fundamental question is whether the group aspiring to class status is seeking to remedy a common legal

grievance." Id. (citing 3B <u>Moore's Federal Practice</u> ¶¶ 23.45[2] at 23-306 to 23-307 (2nd ed. 1995)).

Here, no individualized findings of fact appear to be necessary to prove or disprove the class members' claims. There are no claims of actual damages and the same form letter was sent to all putative class members. All significant aspects of the case could be resolved in one action. Therefore, the preponderance requirement of Fed. R. Civ. P. 23(b)(3) is satisfied.

### 2. Superiority

Rule 23(b)(3) also requires that class litigation be the superior means of adjudicating the claims. Fed. R. Civ. P. 23(b)(3). Superiority is to be judged by the same standards as predominance. See Fed. R. Civ. P. 23(b)(3)(A-D).

Defendant urges that the court follow the reasoning set forth in <u>Sonmore v. Checkrite Recovery Service, Inc.</u>, 206 F.R.D. 257 (D. Minn. 2001), and find that class litigation is not the superior means of resolving the dispute in these circumstances. In <u>Sonmore</u>, also an FDCPA case, Judge Alsop found that class litigation was not the superior means of resolving the matter because of the significant difference in potential recovery for unnamed class members as opposed to individual claimants. See <u>id.</u>, 206 F.R.D. at 265. Judge Alsop found that "class treatment would be detrimental to absent class members because it would substantially limit their recovery." Id. Plaintiff argues that the reasoning in another

26

FDCPA case, _Egge v. Healthspan Services Co._, should control. _See_
208 F.R.D. 265 (D. Minn. 2002). There, Judge Montgomery found that
a class action was the superior method for resolving a claim under
the FDCPA, even though class members stood to recover only twenty-
one cents each in statutory damages. _See id._ at 271-73. However,
Judge Montgomery distinguished that case from _Sonmore_ in two
important ways. First, the judge noted that many of the unnamed
class members in _Egge_ were eligible for actual damages in addition
to the statutory damages, a circumstance not present in either
_Sonmore_ or this case. _See id._ at 271. Second, the judge noted
that every other Rule 23 factor fell in favor of class
certification, which was not the case in _Sonmore_ or here. _See id._
at 272.

The court finds that the reasoning of _Sonmore_ applies to the
facts and circumstances of the present case. Having reviewed
evidence of defendant's net worth _in camera_, the court has
determined that the potential recovery for unnamed class members
is, at most, de minimis. Further, the court has serious
reservations about Jones' incentive to pursue the matter as a class
action where there is no benefit to him in doing so. While class
litigation often necessitates some compromise of the maximum
potential award an unnamed plaintiff might obtain, that compromise
is generally justified by the economic reality that small claims
are often not worth pursuing individually. _See Egge_, 208 F.R.D. at

272. Even where a plaintiff is willing to pursue a nominal or minimal award, it is only though combining many such claims that the matter is worth counsel's time and effort. See e.g., Kamen v. Kemper Financial Services, Inc., 908 F.2d 1338, 1349 (7th Cir. 1990) rev'd on other grounds ("[c]lass actions are valuable precisely because they allow the vindication of claims too small to prosecute individually but worth litigating in the aggregate."). That is not the case in FDCPA claims because the statute provides for actual damages, statutory damages of $1,000 plus costs and attorney's fees. See 15 U.S.C. § 1692k. There is no lack of incentive for either plaintiffs or counsel to pursue individual FDCPA actions. Therefore, the court finds that proceeding with a class action is not the superior means of resolving the present dispute.

The court finds that plaintiff fails to meet the adequacy requirement of Rule 23(a)(4) or the superiority requirement of Rule 23(b)(3). The court has also determined that plaintiff cannot proceed with this action pursuant to Rule 23(b)(2). Therefore, even if the action was not moot, plaintiff's motion for class certification would be denied.


## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction [Docket No. 9] is granted.

2.   Defendant's motion to dismiss on the pleadings [Docket No. 9] is granted.

3.   Plaintiff's motion for class certification [Docket No. 19] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 6 , 2003

_____
David S. Doty, Judge
United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd